**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| LUCY G. SIKES | CIVIL ACTION 10-1650 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| THOMAS EDWARD MUSHENSKI, JR., ET AL. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is an appeal filed pursuant to 28 U.S.C. § 158(a) and 28 U.S.C. § 1334(b) filed by Lucy G. Sikes ("Sikes"), the Chapter 13 Trustee from a final order of the United States bankruptcy court for the Western District of Louisiana. See Record Document 1. Sikes appeals from the bankruptcy court's August 24, 2010 order on the First Application of Attorney for Debtors for Allowance of Compensation. See Record Document 3-69.

**I.  BACKGROUND**

Thomas Edward Mushenski, Jr. and Brandy Mushenski ("the Mushenskis") hired Keith Welch ("Welch") to represent them in a Chapter 13 bankruptcy proceeding in 2009. [Record Document 3-1]. Through the course of the proceedings, the Trustee filed two Objections and a Motion to Dismiss, but as a result of various settlements and agreements between the parties, they were withdrawn before the bankruptcy court issued a decision. [Record Document 3-53]. A plan was approved by the bankruptcy court on April 13, 2010. [Record Document 3-55].

The original plan filed on September 21, 2009 proposed a dividend to the unsecured creditors of $4,200.00. [Record Document 3-6]. The debtors eventually filed an amended

plan on January 5, 2010 that increased the dividend to unsecured creditors to $13,000.00. [Record Document 3-31]. The Mushenskis filed a final plan which provided for a dividend of not less than $20,000.00 to unsecured creditors. [Record Document 3-52]. The bankruptcy court approved this plan. [Record Document 3-55].

When Welch originally agreed to represent the Mushenskis he provided the Court with a Disclosure of Attorneys Fees which listed his agreed rate as $4,000.00; however, that agreement allowed him to charge additionally for undefined "non-routine matters." [Record Document 3-14]. When Welch submitted his application for compensation, he claimed $13,160.00, which he voluntarily reduced to $12,200.00. [Record Document 3-59]. From this Court's review of the docket and all filings, Welch never intended to apply for the "no-look" fee as provided by the "Standing Order Regarding 'No-Look' Fees and Addendums in Chapter 13 Cases." [Record Document 13-2].

The bankruptcy court held a hearing on August 18, 2010 to determine the appropriate compensation for Welch. [Record Document 6]. During the course of the hearing, Judge Callaway made a number of adjustments to Welch's fee application. See Record Document 6. According to Welch's application for compensation, he sought reimbursement for 36.8 hours spent on this case at an hourly rate of $300.00. [Record Document 3-59]. There is no dispute that Welch worked the 36.8 hours. However, Judge Callaway found it was an inefficient use of his time. Therefore, he reduced Welch's request accordingly: 26.8 hours at $300.00/hour and 10.0 hours at $225.00/hour. Furthermore, he reduced Welch's fee for preparing the fee application from $1095.00 to $595.00. The Bankruptcy Court then looked to Welch's requested amount and applied the following changes:

```
        $12,200.00–Amount Welch Requested
           -700.00–Amount Paid in Advance by Clients
         11,500.00
           -750.00–Adjustments to Hourly Billing
         10,750.00
           -500.00–Reduction of Fee Application
        $10,250.00–Amount of Additional Compensation Awarded
```

See Record Document 6. At the end of the hearing Judge Callaway awarded Welch $10,950.00 in total compensation for his work on the Mushenskis' Chapter 13 bankruptcy. The Trustee filed the present appeal arguing that $10,950.00 is an unreasonable fee for this case. [Record Document 10 at 5].

## II.     LAW AND ANALYSIS

A bankruptcy court's award of attorney's fees is reviewed for abuse of discretion. See In re Cahill, 428 F.3d 536, 539 (5th Cir.2005). "An abuse of discretion occurs where the bankruptcy court (1) applies an improper legal standard or follows improper procedures in calculating the fee award, or (2) rests its decision on findings of fact that are clearly erroneous." Id. The district court reviews the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. In re Quinlivan, 434 F.3d 314, 318 (5th Cir.2005) (citing In re Nat'l Gypsum Co., 208 F.3d 498, 504 (5th Cir.2000)).

Section 330 of the Bankruptcy Code gives bankruptcy courts discretion to award reasonable compensation to debtors' attorneys in bankruptcy cases. 11 U.S.C. § 330(a)(1)(A). This authority includes the discretion, upon motion or *sua sponte*, to "award compensation that is less than the amount requested." Id. § 330(a)(2). Section 330(a)(3) further directs courts to "consider the nature, the extent, and the value of" the legal services provided when determining the amount of reasonable compensation to award, taking into

account "all relevant factors," including, but not limited to:

> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (E) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Id. § 330(a)(3).

According to the Fifth Circuit in In re Cahill:

> The Fifth Circuit has traditionally used the lodestar method to calculate "reasonable" attorneys' fees under § 330. In re Fender, 12 F.3d 480, 487 (5th Cir.1994). A court computes the lodestar by multiplying the number of hours an attorney would reasonably spend for the same type of work by the prevailing hourly rate in the community. Shipes v. Trinity Indus., 987 F.2d 311, 319 (5th Cir.1993). A court then may adjust the lodestar up or down based on the factors contained in § 330 and its consideration of the twelve factors listed in Johnson [v. Georgia Highway Express, Inc.], 488 F.2d 714, 717-19 (5th Cir. 1974). See Fender, 12 F.3d at 487. While the bankruptcy court has considerable discretion in applying these factors, In re First Colonial Corp. of America, 544 F.2d 1291, 1298 (5th Cir.1977), it must explain the weight given to each factor that it considers and how each factor affects its award. Fender, 12 F.3d at 487; Evangeline Refining Co., 890 F.2d at 1327-28 ("If a court awards fees but fails to explain why compensation was awarded at the level it was given, it is difficult, if not impossible, for an appellate court to engage in meaningful review of a fee award.").

428 F.3d 536, 539-540 (5th Cir. 2005). The Johnson factors are as follows:

> (1) the time and labor required;
> (2) the novelty and difficulty of the questions;
> (3) the skill requisite to perform the legal service properly;
> (4) the preclusion of other employment by the attorney due to acceptance of the case;
> (5) the customary fee;
> (6) whether the fee is fixed or contingent;
> (7) time limitations imposed by the client or the circumstances;
> (8) the amount involved and the results obtained;
> (9) the experience, reputation and ability of the attorneys;
> (10) the "undesirability" of the case;
> (11) the nature and length of the professional relationship with the client; and
> (12) awards in similar cases.

Cahill, 428 F.3d at 540 n.4.

Taking the law into consideration, this Court finds that it cannot reach the issue of the reasonableness of the bankruptcy court's award of attorneys fees at this time. This Court, unlike the bankruptcy court, finds the Disclosure of Compensation of Attorney for Debtor(s) to be a binding contract between Welch and the Mushenskis, which in this Court's opinion was never properly amended. [Record Document 3-14]. According to that contract, Welch agreed to accept $4,000.00 for his services. Id. However, section 7 of that agreement gave Welch an avenue for requesting more than $4,000.00 for his services when it states "By agreement with debtor(s), the above-disclosed fee does not include the following service[s]: Representation of the debtor in any dischargeability action, judicial lien avoidance, relief from stay actions, other adversary proceedings, or other non-routine matters." [Record Document 3-14]. "Non-routine" and "routine" are nowhere defined in the Disclosure. The record reveals that in this action there were no dischargeability actions, no judicial lien avoidance, no relief from stay actions, and no other adversary proceedings. Therefore, the increase in attorneys fees must have come from other non-listed, "non-routine matters."

According to Welch at the hearing to set his compensation, "Well, this case was the most non-routine case I've handled in at least the last ten years. It was extremely difficult." [Record Document 6 at 36]. Besides this solitary statement, the Court can find no evidence or findings of fact to support this unsubstantiated statement and the increase in attorneys fees charged above the $4,000.00 amount. Beyond the specifically listed services, this Court can find no indication of what matters were routine as opposed to non-routine, requiring such a drastic upward deviation from his originally agreed upon compensation. No one doubts that Welch worked the hours he claimed he worked. However, this Court finds the Disclosure of Compensation is binding on Welch. In this instance, the Court finds that in order for it to determine whether the bankruptcy court awarded a reasonable fee for Welch's legal services on this matter, then it must be fully informed as to what specific matters were "non-routine" and justified a deviation for legal fees that were three times the original contract amount.

Therefore, this Court **REVERSES** the finding of the bankruptcy court and **REMANDS** this matter for additional fact finding to determine what specific matters in Welch's $12,200.00 fee application were "non-routine" as opposed to "routine."

## III. CONCLUSION

Based on the foregoing, the Court **REVERSES** the ruling of the bankruptcy court on the issue of attorneys fees and **REMANDS** for additional fact finding consistent with this opinion.

An order consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 2nd day of June, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE